**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-60255-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**DANIEL MIGUEL KHOURY-BARICH,**

      **Petitioner,**

**v.**

**GARRETT RIPA, *et al.*,**

      **Respondents.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Daniel Miguel Khoury-Barich's Amended Petition for Writ of Habeas Corpus. DE 4. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Amended Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 5. The Court ordered Respondents to show cause why Petitioner's Amended Petition should not be granted, and Respondents filed a response to the Court's Order to show cause. DE 7. Having carefully considered the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING** Petitioner's Amended Petition and ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within seven days or release him.

**I. Background**

This case is one of many cases around the country stemming from the Department of Homeland Security's ("DHS") recent changes to its interpretation of the Immigration and Nationality Act's ("INA") detention provisions and the Board of Immigration Appeals' ("BIA") agreement with that interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). On July 8, 2025,

DHS informed Immigration and Customs Enforcement ("ICE") employees that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226, applies to all non-citizens present in the United States who have "not been admitted . . . whether or not at a designated port of arrival." *See Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)). As such, DHS has taken the position that non-citizens present in the United States who have not been admitted or paroled are subject to mandatory detention without the possibility of bond. *Id.* On September 5, 2025, BIA agreed with this interpretation, issuing a binding ruling in *Matter of Yajure Hurtado* that immigration judges lack the authority to hear bond requests or to grant bonds to non-citizens who are present in the United States without admission because those non-citizens are properly detained under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). With this overarching background in mind, the Court turns to the details of this case.

Petitioner is a citizen of Venezuela who has resided in the United States since November 26, 2021. DE 4 ¶¶ 28, 55. On October 16, 2025, ICE agents arrested Petitioner and took him into ICE custody at the Broward Transitional Center in Broward County. *Id.* ¶ 56. Petitioner is charged by a Notice to Appear as being "an alien present in the United States who has not been admitted or paroled." DE 4-1. An immigration judge has already denied Petitioner's bond request given the binding ruling in *Matter of Yajure Hurtado*. DE 4 ¶ 60; DE 4-5.

**II. Analysis**

In his Amended Petition, Petitioner maintains that he is being improperly detained without the possibility of a bond hearing under 8 U.S.C. § 1225(b)(2) and requests for the Court to grant habeas relief and to either order his immediate release or order Respondents to afford him a bond hearing pursuant to 8 U.S.C. § 1226(a). DE 4. In response, Respondents acknowledge that courts around the

2

country, including this Court, have determined that 8 U.S.C. § 1226(a) applies to non-citizens who are present in the United States without admission. DE 7 at 2–4. Nonetheless, Respondents maintain that 8 U.S.C. § 1225(b)(2) applies to such non-citizens and that Petitioner is properly detained under that section. *Id.*at 2. Respondents also note that this issue—the applicability of 8 U.S.C. § 1226(a) and 8 U.S.C. § 1225(b)(2)—is currently before the Eleventh Circuit on appeal. *See id.* at 4.

As explained below, the Court remains unmoved in its determination that 8 U.S.C. § 1226 applies to the detention of non-citizens present in the United States who have not been admitted or paroled.[1] Accordingly, the Court recommends ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within seven days or release him. The Court explains below.

### A. The Correct Respondent

As an initial matter, Respondents assert that Petitioner has not named the correct Respondent. *Id.* at 1 n.1. Respondents assert that Assistant Field Office Director Carlos Nunez is the immediate custodian of Petitioner and is thus the one and only proper Respondent for this matter. *Id.* Petitions for writ of habeas corpus shall be directed "to the person having custody of the person detained." 28 U.S.C. § 2243. Since Respondents contend that Carlos Nunez is the current custodian of Petitioner, the Court recommends substituting Carlos Nunez in as a Respondent and dismissing the remaining Respondents. *See Cong v. McNeil*, No. 205-CV-131-FTM-29SPC, 2008 WL 4328223, at *1 n.1

---

[1] The Court acknowledges that, in a split-decision, the Fifth Circuit has recently reached a contrary conclusion. *See generally Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). That opinion, however, is not binding on this Court. The Court also notes that, following *Buenrostro-Mendez*, courts within this Circuit have declined to follow the majority's opinion, finding the dissenting opinion to be more persuasive instead. *See, e.g.*, *Vasquez Lopez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-147-JES-NPM, 2026 WL 369362, at *2 (M.D. Fla. Feb. 10, 2026) (recognizing *Buenrostro-Mendez* but determining that the majority's opinion was "contrary to the overwhelming majority of district court judges to have considered the issue"); *Rostislav Malikov v. Bondi*, No. 2:26-CV-00172-SPC-NPM, 2026 WL 395296, at *1 n.1 (M.D. Fla. Feb. 12, 2026) ("The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez* . . . which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.").

(M.D. Fla. Sept. 17, 2008) (substituting correct respondent and dismissing incorrect respondent); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]here is generally only one proper respondent to a given prisoner's habeas petition.").

### B. The Appropriate Statute Governing Petitioner's Detention

Respondents contend that Petitioner's Amended Petition should be denied because he is properly detained under 8 U.S.C. § 1225(b)(2), as opposed to 8 U.S.C. § 1226. DE 7. Specifically, Respondents maintain that 8 U.S.C. § 1225(b)(2) applies to all non-citizens who are present in the United States without admission. *Id.* This argument has been rejected by this Court and countless courts around the country. *See Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *4 (S.D. Fla. Dec. 23, 2025) (concluding that 8 U.S.C. § 1226 applies to the detention of non-citizens present in the United States who have not been admitted or paroled), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026); *Sanchez v. Noem*, No. 25-62677-CV, 2026 WL 222556, at *1 (S.D. Fla. Jan. 28, 2026) (same); *see, e.g.*, *Merino*, 2025 WL 2941609, at *3 ("DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the count[r]y for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts that have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's."); *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *5 (M.D. Fla. Oct. 29, 2025) ("[A]ccepting Respondents' argument would leave § 1226 superfluous. Interpreting § 1225 to govern all noncitizens present in the country who had not been admitted leaves § 1226 with no apparent application."); *Hyppolite v. Noem*, No. 25-CV-4304

4

(NRM), 2025 WL 2829511, at *12 (E.D.N.Y. Oct. 6, 2025) ("[I]n the approximately two and one-half-months since Respondents began to broadly invoke § 1225(b)(2)(A) to justify the mandatory detention of noncitizens who already reside within the United States, well over a dozen federal courts around the country have rejected Respondents' novel and illogical interpretation of the INA."); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) ("The government's argument that section 1225(b)(2)(A) applies to all noncitizens present in the United States without admission is unpersuasive. The government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. Other district courts have reached a similar conclusion."); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784 (E.D. Mich. 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border. The reading of the statutes supports this finding, as does every other Court that has had to address the distinction between Section 1225(b)(2)(A) and Section 1226(a)."); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) ("The Government argues that under the INA, all non-citizens in this country illegally are subject to mandatory detention. I agree with Petitioner that the Government has misread the INA, and that Demirel is entitled to a bond hearing before an Immigration Judge. Although there is no apposite appellate authority, there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected." (citations omitted)).

As explained by the Supreme Court, 8 U.S.C. § 1225(b) "primarily applies to aliens seeking entry into the United States," whereas 8 U.S.C. § 1226 "applies to aliens already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 298, 303 (2018). Here, Petitioner's Notice to Appear charges him with being "an alien present in the United States who has not been admitted or paroled." DE 4-1. Notably, Petitioner was not charged as an "arriving alien." *See id.* As such, Petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Boffill v. Field Off. Dir.*, No. 25-CV-25179-JB, 2025 WL 3246868, at *6 (S.D. Fla. Nov. 20, 2025) ("[T]he NTA that DHS issued to Petitioner did not classify him as an 'arriving alien.' Instead, the NTA charged him as 'present in the United States without admission or parole.' This classification places him squarely within section 1226." (citations omitted)); *Merino*, 2025 WL 2941609, at *3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within the United States, not at the border, falls under § 1226(a), not § 1225(b)(2) . . . ."); *Patel v. Hardin*, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *5 (M.D. Fla. Dec. 1, 2025) ("It is undisputed that Patel has been in this country since 2011. His detention is thus governed by § 1226(a)."); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025) ("[I]n the Notice to Appear, ICE marked Pizzaro Reyes as 'present in the United States,' and notably not as 'arriving.' The fact that the Notice to Appear listed 'arriving' and 'present' as two distinct options, and that ICE selected 'present,' reinforces how novel Respondents' proposed statutory interpretation is. Overall, the legislative history and agency guidance supports the argument that § 1226(a) applies to Pizarro Reyes.").

### III. Recommendation

Having concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a), Petitioner is entitled to an individualized bond hearing before an immigration judge. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset

of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Accordingly, the Court **RECOMMENDS GRANTING** Petitioner's Amended Petition [DE 4] and ordering Respondents to either afford Petitioner an individualized bond hearing before an immigration judge within seven days or release him. As for Petitioner's request for attorney's fees and costs pursuant to the Equal Access to Justice Act, the Court **RECOMMENDS** permitting Petitioner to move for attorney's fees and costs under the Equal Access to Justice Act if this Report and Recommendation is adopted.

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), the circumstances of this matter warrant a shorter objection period. Within **seven (7) days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 19th day of February, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE