## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-60255-MIDDLEBROOKS

DANIEL MIGUEL KHOURY-BARICH,

      Petitioner,

v.

KRISTI NOEM, in her official
Capacity as Secretary of Homeland
Security, et al.,

      Defendants.

_____/

### ORDER GRANTING AMENDED MOTION TO ENFORCE HABEAS ORDER

THIS CAUSE is before the Court upon Petitioner Daniel Miguel Khoury-Barich's Amended Motion to Enforce Habeas Order. (DE 12). The Motion is ripe. (DE 15 and DE 16). Oral argument was held on May 8, 2026. For the following reasons, the motion is granted

On March 2, 2026, I adopted the Magistrate Judge's Report and Recommendation and granted the Petition for Writ of Habeas Corpus. (DE 10). I ordered Respondents to "afford Petitioner a prompt, individualized bond hearing before an immigration judge or release Petitioner." *Id.* at 1. The Report and Recommendation contemplated that such hearing would occur within seven days. (DE 9 at 7).

It is undisputed that Petitioner did not receive a bond hearing until March 10, 2026—eight days after this Court's Order and beyond the seven-day period contemplated by the Report and Recommendation.[1] At that hearing, the Immigration Judge set bond at $15,000. Petitioner's family paid the bond in full that same day. Despite this, Petitioner was not released.

_____

[1] As a preliminary matter, given the significant influx of immigration-related cases, I do not view a one-day-late hearing as significant.

The Order of the Immigration Judge explained that "Bond may be reconsidered if Respondent is ordered removed." (DE 12-1 at 1). On March 11, 2026, proceedings began in Petitioner's pre-scheduled immigration removal hearing.[2] Petitioner appeared, with counsel, before Immigration Judge Donato for a hearing on his applications for relief. On that date, the respondent's applications for relief were pretermitted and the Petitioner, a Venezuelan national, was Ordered removed to Ecuador.

In light of this Order, on March 12, 2026, Respondents filed an Emergency Motion for Reconsideration and Stay of the bond order entered on March 10, 2026, due to a change in circumstances. (DE 12-3 at 3). On March 13, 2026, the Immigration Judge granted the Motion, staying and revoking the bond. (*Id.* at 4).

As explained in oral argument, a payment of bond undergoes a routine verification process that is ordinarily completed within one to two hours, with the relevant office processing bonds beginning at 9:00 AM and ending at 3:00 PM. Indeed, the U.S. Immigration and Customs Enforcement's "Frequently Asked Questions" page suggests that the "bond verification process, including the review of the bond contract and payment, will typically take approximately 1-2 hours…." In this case, Respondents aver that bond was processed at 3:13 PM on March 11, 2026, just after the removal proceedings.

The writ of habeas corpus requires more than the mere formality of a hearing; it requires a meaningful opportunity for release from unlawful detention. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A bond hearing that results in a grant of bond, followed by the Government's

---

[2] The Parties represent that Petitioner's removal hearing was noticed on February 24, 2026. It appears that the hearing was rescheduled on multiple occasions due to various external circumstances, and ultimately set for March 11, 2026. On these facts, it is not clear to me that the Government purposely manipulated the timeline to circumvent the bond hearing determination.

refusal to release Petitioner after bond is paid, does not satisfy the Court's directive. Nor is a hearing held outside the timeframe contemplated by the Court's Order.

In response to the bond decision, the Respondents in this case could have filed a notice of intent to appeal within 24 hours, which would have automatically stayed the appeal. They did not. In fact, it appears the correct avenue to pursue a review of the earlier bond decision would have been through a Motion to Reopen, pursuant to 8 C.F.R. § 1003.23(b)(3), which provides relief where new facts not previously available are brought to the attention of the immigration judge. Instead, likely pursuant to the Immigration Judge's Order, the Respondents filed a Motion to Reconsider, permitted only where there has been an error of fact or law in the immigration judge's prior decision. 8 C.F.R. § 1003.23(b)(2).

Respondents now argue that in light of the removal order, 8 U.S.C. § 1226(a) no longer controls the custody status analysis. Instead, Respondents point to 8 U.S.C. § 1231 as providing the governing standard. It appears to me, however, that 8 U.S.C. § 1231 applies only where the order of removal has become administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner represents that he has appealed the decision with the Board of Immigration Appeals, and expects the Appeal process to take 7 to 10 months. Respondents aim to keep Petitioner detained throughout that entire period under the premise that the removal order creates a heightened risk of flight. (DE 15 at 2). Given the appeal, a review of Petitioner's custody status need not be conducted under 8 U.S.C. § 1231.

I am ultimately unpersuaded by the Respondents' argument. Arguments suggesting that Petitioner is a flight risk ignores record evidence. Petitioner, upon his arrival to the United States, applied for asylum status and has also been granted a work permit. He was arrested after checking in at the Orlando ICE/ERO Sub Office for his annual immigration review. (DE 1 at 16). Petitioner

was previously released on his own recognizance after being placed in removal proceedings on November 29, 2021. (*Id.*)  His criminal history, which includes only a traffic violation, does not warrant detention for an additional seven to ten months as he awaits his appeal. The facts ultimately do not warrant his continued detention.

Petitioner has now been detained for more than five months. The Government has not demonstrated that continued detention is either lawful or necessary under the Immigration and Nationality Act or consistent with due process. The Court will not permit its Order to be circumvented through actions that deprive Petitioner of the meaningful relief the writ is intended to secure.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  Petitioner's Amended Motion to Enforce Habeas Order (DE 12) is **GRANTED**.

2.  Respondents shall **IMMEDIATELY RELEASE** Petitioner Daniel Miguel Khoury-Barich from custody upon repayment of the previously issued bond.

3.  The Court retains jurisdiction to ensure compliance with this Order.

**SIGNED** in Chambers at West Palm Beach, Florida, this __11__ day of May, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.      Counsel of Record